UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ELZORA CARTER FLUKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 7:18-cv-00775-LCB |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 22, 2018, the Plaintiff Elzora Fluker filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on September 11, 2018. (Doc. 6). The Plaintiff filed a brief in support of her position on October 24, 2018, (Doc. 9) and the Commissioner filed a brief in support of the decision on November 27, 2018. (Doc. 11). Therefore, this issue is ripe for review. For the reasons stated below, the final decision of the Commissioner is affirmed.

**I.     BACKGROUND**

The Plaintiff protectively filed for a period of disability and disability insurance benefits on May 13, 2015. (R. 15). She alleged that her disability began

1

on April 13, 2015. *Id.* Her claim for benefits was denied on July 2, 2015, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge ("ALJ") on July 30, 2015. *Id.* The Plaintiff appeared before ALJ Renee Blackmon Hagler through a video hearing on April 10, 2017. *Id.* The Plaintiff testified at the hearing and was questioned by her attorney and the ALJ. (R. 35, 46). Additionally, vocational expert Otis Pearson testified at the hearing. (R. 49). The ALJ issued her opinion on July 3, 2017. (R. 26). When she issued her opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 16). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2019. (R. 17).

2. The Plaintiff has not engaged in substantial gainful activity since April 13, 2015, the alleged onset date of the disability. *Id.*

3. The Plaintiff has the following severe impairments: asthma, degenerative joint disease of the left ankle, diabetes, obesity, and hypertension. *Id.*

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 21).

5. The Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except she can occasionally lift 10 pounds. The Plaintiff can: push and pull as much as she can carry; sit for six hours in an eight-hour workday; stand for two hours and walk for two hours; operate foot controls bilaterally on no more than an occasional basis; occasionally climb ramps and stairs; and frequently stoop, kneel, crouch, or crawl. The Plaintiff cannot: climb

ladders; work at unprotected heights; work with dust, fumes, or pulmonary irritants; or work at extreme cold temperatures. (R. 22).

6. The Plaintiff can perform past relevant work as a county commissioner, a position consistent with Dictionary of Occupational Titles ("DOT") #188.117-114. (R. 25).

7. The Plaintiff has not been under a disability as defined in the Social Security Act, from April 13, 2015 through the date of the ALJ's decision on July 3, 2017. *Id.*

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on March 29, 2018. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on May 22, 2018. (Doc. 1).

## II. DISCUSSION

The Social Security Administration ("SSA") is authorized to pay Supplemental Security Insurance ("SSI") and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

To determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled, and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity ("RFC") to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above evaluation. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

**C. The Plaintiff's Contentions**

The Plaintiff claims that the ALJ erred finding that she could return to her past relevant work as a county commissioner. (Doc. 9, p. 3). Specifically, she alleges that the ALJ did not develop evidence of her past work; the ALJ mistakenly relied on the vocational expert's ("VE") testimony; and she did not satisfy the special vocational

preparation ("SVP") of the job the VE listed as her past relevant work. (Doc. 9, p. 3, 5). The Court will address these arguments below.

**1. The ALJ did not err when determining whether the Plaintiff could perform her past relevant work.**

During the Plaintiff's hearing, the ALJ interviewed the VE to determine if she could return to past relevant work despite her impairments. (R. 50). The VE identified the Plaintiff's past jobs as police officer, county commissioner, deputy sheriff, and board member. After posing a hypothetical question including the Plaintiff's limitations, the VE testified that the only past relevant work that the Plaintiff could perform with her limitations was county commissioner. (R. 21). The VE identified the county commissioner position in the Dictionary of Occupational Titles ("DOT") as 118.117-114, which is listed as city manager, and alternately as county manager and town manager. DICOT 188.117-114, 1991 WL 671449. This definition reads:

> Directs and coordinates administration of city or county government in accordance with policies determined by city council or authorized elected officials: Appoints department head and staffs as provided by state laws or local ordinances. Supervises activities of departments performing functions such as collection and disbursement of taxes, law enforcement, maintenance of public health, construction of public works, and purchase of supplies and equipment. Prepares annual budget and submits estimates to authorized elected officials for approval. Plans for future development of urban and nonurban areas to provide for population growth and expansion of public services. May recommend zoning regulation controlling location and development of residential and commercial areas [URBAN PLANNER (profess. & kin.)]. May perform duties of one or more city or county officials as designated by local laws.

*Id*.

The Plaintiff explained her work history during the hearing and in her work history report. When the ALJ asked the Plaintiff about her duties as county commissioner, she stated "[m]onthly meeting[s] on policy and procedure. Took care of salary." (R. 38). In her work history report, the Plaintiff wrote she "created policy, housing & salary, and attended monthly meetings" and used "technical knowledge or skills" in her position (R. 199). She indicated she did not use machines, tools, or equipment performing her job, nor did she do any type of writing like completing reports. *Id*. She also noted the physical requirements of the job, such as she would walk two hours, sit two hours, stand one hour, but did not do any lifting or carrying. *Id*. The Plaintiff testified that "she took care of the same thing" serving as a member of the board of education as she did as county commissioner. (R. 39). In this description, she adds that she employed personnel like the superintendent and CFO. *Id*. Based on her testimony and her work history report, the Plaintiff claims that city manager, as defined in the DOT, is not her past relevant work. She argues that had the ALJ developed the evidence of her past work, he would have found that city manager was not applicable. (Doc. 1, p. 6).

**a. The ALJ did not fail to develop evidence of the Plaintiff's past work.**

As the Court noted above, claimants have "a heavy burden of showing that his previous impairment prevents him from performing his past relevant work."

7

*Washington*, 906 F.3d at 1359. Further, the regulations provide that "detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate." SSR 82-62, 1982 WL 31386 at *3. While claimants maintain this burden at Step Four, the ALJ still "has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citing *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986)). "Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work." *Id*. However, the Eleventh Circuit has found that a Social Security record was properly developed when the claimant testified at the hearing about her past position, filled out a detailed work history report, and the ALJ relied on the VE's testimony about the claimant's past work. *See Holder v. Soc. Sec. Admin.*, 771 F. App'x 896, 900 (11th Cir. 2019).

Here, the Plaintiff claims the evidence she provided "was not sufficient documentation to prove the job fits the residual functional capacity assigned by the ALJ" and failed to meet the requirements of SSR 82-62. (Doc. 9, p. 6). In the hearing, the ALJ asked the Plaintiff about her duties as county commissioner (R. 38), and she supplemented her description when asked about her role on the board of education. (R. 39). The information the Plaintiff provided in her work history

8

report is important also. She noted in her report what her physical limitations were, her job duties, and if she had any special knowledge or skills. (R. 199). When an ALJ was reversed because of insufficient evidence, the Eleventh Circuit found it was unclear what evidence the ALJ used to conclude the claimant had the RFC to perform prior work. *See Schnorr*, 816 F.2d at 581; *see also Nelms*, 803 F.2d at 1165. It is clear in this case what evidence the ALJ used to find the Plaintiff could perform past relevant work. Here, the evidence that the Plaintiff provided weighs in favor of finding the record was developed.

The ALJ also used VE testimony to determine that the Plaintiff could return to her former position. The Plaintiff challenges the VE's reliance on DOT description #188.117-114 as an inaccurate description of the Plaintiff's former position. The Court will address this argument now.

**b. The VE did not incorrectly use the DOT.**

The Plaintiff claims that the ALJ erred when she relied on the testimony of the VE. When finding a claimant can perform past relevant work, the regulations provide that "[an ALJ] may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles'" and "a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands

of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). "[T]he Social Security regulations clearly provide that a VE's knowledge and expertise may supply a reasoned basis for his conclusions." *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 402 (11th Cir. 2018). Evidence provided by the VE "generally should be consistent with the occupational information supplied by the DOT." SSR 00-4P, 2000 WL 1898704 at *2. Where there is a conflict between the VE's testimony and the DOT, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word." *Washington*, 906 F.3d at 1362.

The Plaintiff argues there is a discrepancy between her position as a county commissioner and the city manager position listed in DOT 188.117-114. She notes that she did not prepare budgets and only attended one meeting a month. (Doc. 9, p. 5). Even though her purported job description does not match entirely with the DOT, the description of her position is generally consistent with the definition of city manager in the DOT as required by SSR 00-4p, 2000 WL 1898704 at *2. A city manager, also listed as county manager, is involved in the "direct[ion] and coordinat[ion]" of the city or county. DICOT 188.117-114, 1991 WL 671449. County administration includes not only budgeting but consists of planning for future development of the area, hiring staff, and overseeing different departments.

*Id*. The Plaintiff's testimony and her work history report show that her responsibilities reflect the definition of city manager in the DOT, such as planning for future county development by creating policy on housing and hiring officials in her role as commissioner. (R. 38, 39, 199). Based on her testimony and work history report, there is no conflict between the VE's testimony and the DOT. Accordingly, the VE's testimony is substantial evidence that the Plaintiff could return to past relevant work. Therefore, the Court finds that the ALJ did not fail to develop evidence about the Plaintiff's former employment.

### c. The Plaintiff did perform the position for the required period.

The Plaintiff argues that even if city manager could be classified as past relevant work, she did not perform the job long enough to meet the specific vocational preparation ("SVP") for the position. The SVP for city manager is Level 8, over four years up to and including ten years of preparation. DICOT 188.117-114, 1991 WL 671449. SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." App'x C – Components of the Definition Trailer, 1991 WL 688702.

In her work history report, the Plaintiff wrote that she served as commissioner from November 7, 2010, to November 20, 2014. (R. 197). The length of time she served as commissioner alone does not satisfy the SVP requirements. But, the

preparation for a position is not only determined by the time that an individual was on the job. SVP also includes vocational education (such as high school and technical school), on-the-job training, and essential experience in other jobs ("serving in less responsible jobs which lead to the higher grade job or serving in other jobs which qualify"). App'x C – Components of the Definition Trailer, 1991 WL 688702. The Plaintiff testified that she completed high school and served as a member of the board of education for over ten years (R. 197), which she stated was like her county commissioner position. (R. 39). With her time served as a county commissioner, high school education, and experience as a member of the board of education, the Plaintiff satisfies the duration requirement for a Level 8 – SVP. The Plaintiff did not submit any supporting evidence as to why she does not meet the SVP for city manager besides the fact that she did not serve over four years. Thus, the Plaintiff has not met her burden to demonstrate that she cannot perform past relevant work. Accordingly, the Court finds no error in the ALJ's determination that the Plaintiff could return to her work as county commissioner.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this November 13, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE